**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 11-5125**

———————————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

TAURUS WIGGINS, a/k/a Ock,

               Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:09-cr-00287-WDQ-6)

———————————

Submitted: August 2, 2012         Decided: August 14, 2012

———————————

Before WILKINSON, MOTZ, and WYNN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Marc L. Resnick, Washington, D.C., for Appellant. Rod J. Rosenstein, United States Attorney, Philip S. Jackson, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Taurus Wiggins appeals his conviction by jury of conspiracy to distribute and possess with intent to distribute heroin. We have thoroughly reviewed the record, and we affirm.

Wiggins's assertions of error center upon the district court's decision to permit him to represent himself at his trial. He first asserts that the district court erred in finding, on the morning of Wiggins's trial, that he had unequivocally waived his right to counsel and desired to proceed pro se. A district court's finding that a defendant waived the right to counsel is subject to de novo review. United States v. Singleton, 107 F.3d 1091, 1097 n.3 (4th Cir. 1997). "The particular requirement that a request for self-representation be clear and unequivocal is necessary to protect against an inadvertent waiver of the right to counsel by a defendant's occasional musings on the benefits of self-representation." United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir. 2000) (internal quotation marks omitted). Notwithstanding the requirement that courts "indulge in every reasonable presumption against waiver" of the right to counsel, see Brewer v. Williams, 430 U.S. 387, 404 (1977), our review of the record convinces us that Wiggins's repeated insistence on the morning of his trial that he wished to represent himself was anything but equivocal.

Because "the right of self-representation generally must be honored even if the district court believes that the defendant would benefit from the advice of counsel," we conclude that the district court properly permitted Wiggins to represent himself at trial.  Frazier-El, 204 F.3d at 558.

Wiggins next asserts that the district court should have terminated his pro se status because the frivolity of his arguments compromised the fairness of his trial.  While "the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct," Faretta v. California, 422 U.S. 806, 834 n.46 (1975), we do not agree with Wiggins that his frivolous jurisdictional arguments and conspiratorial accusations against the district court and the prosecution suffice to render erroneous the district court's failure to terminate, sua sponte, his pro se status.

Finally, Wiggins contends that the district court erred in failing to hold, sua sponte, a hearing as to Wiggins's competency to represent himself.  To the extent that Wiggins asks us to hold that Indiana v. Edwards, 554 U.S. 164 (2008), affirmatively requires a district court to make explicit findings regarding a defendant's competence to conduct his own defense before granting a motion to proceed pro se, we decline to transform Edwards's permissive holding into the rigid edict

3

that Wiggins requests. See id. at 178 ("[T]he Constitution permits States to insist upon representation by counsel for those competent enough to stand trial . . . but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves." (emphasis added)); see also United States v. Turner, 644 F.3d 713, 724 (8th Cir. 2011) (Edwards allows, but does not require, a judge to bar a defendant from proceeding pro se, under limited circumstances); United States v. Berry, 565 F.3d 385, 391 (7th Cir. 2009) (same); United States v. DeShazer, 554 F.3d 1281, 1290 (10th Cir. 2009) (same).

To the extent that Wiggins contends that the district court's failure to order, sua sponte, a competency hearing was in any event an abuse of its discretion, we disagree. See United States v. Banks, 482 F.3d 733, 742 (4th Cir. 2007) (failure to order, sua sponte, a competency hearing is reviewed for abuse of discretion). Wiggins's pursuit of a frivolous legal argument does not of its own accord require an inquiry into his mental competence. See id. The district court was well within its discretion not to order a competency hearing merely on the basis of Wiggins's fruitless theories of defense.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and

4

legal contentions are adequately presented in the material before the court and argument will not aid the decisional process.

AFFIRMED